# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRANDON G. ADAMS,

    Plaintiff,

v.

YVETTE K. ADAMS, et al.,

    Defendants.

Case No. 2:21-cv-00503-JAD-NJK

**ORDER**

[Docket No. 7]

Plaintiff is proceeding in this action *pro se* and has requested authority under 28. U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 7. Plaintiff also submitted a complaint. Docket No. 1-1.

## I. *In Forma Pauperis* Application

Plaintiff has submitted the affidavit required by § 1915(a). Docket No. 7. Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, Plaintiff's request to proceed *in forma pauperis* under § 1915(a) is granted.

## II. Screening Complaint

### A. Legal Standard

Upon granting an application to proceed *in forma pauperis*, courts screen the complaint. 28 U.S.C. § 1915(e). Section 1915(e) permits courts to dismiss a case if the action is legally "frivolous or malicious," the complaint fails to state a claim upon which relief may be granted, or the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Fed. R. Civ. P. 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly

pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Fed. R. Civ. P. 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Courts must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Additionally, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*). "However, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

**B. Analysis**

Plaintiff's claims appear to challenge an interjurisdictional income-withholding child support order issued against him on March 23, 2021. Docket No. 1-2 at 1, 6. Plaintiff alleges that he is "contesting registration and enforcement" under Nevada Revised Statutes 130.502, 130.506, and 130.607. *Id.* The Nevada Revised Statutes that Plaintiff cites delineate procedures for complying with and challenging income-withholding orders issued by a different state. *See* NRS 130.502, 130.506, 130.607. Plaintiff alleges, without elaboration, that the child support order violates his due process rights. *Id.*; *see also* Docket No. 1-1 at 4. Plaintiff further alleges that the order is premised upon a fraudulent audit, which purportedly states that he owes an unidentified sum in child support. Docket No. 1-2 at 6. Plaintiff also alleges that, on September 14, 2020, his children were "illegally removed on a fraudulent court order[.]" *Id.* at 2, 7. In addition, Plaintiff alleges that he has provided financial support to his children and that it is his "parental right and constitutional right" to determine the amount of money that he gives to his children. *Id.* at 7, 8.

Based on these allegations, Plaintiff seeks, *inter alia*, $15,000 in damages and an audit from a Nevada licensed CPA to validate the amount he purportedly owes. Docket No. 1-1 at 5.

The Court finds that the *Rooker-Feldman* doctrine precludes it from exercising subject matter jurisdiction over Plaintiff's claims. Under the *Rooker-Feldman* doctrine, "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006). "If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004) (quoting *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)). Here, Plaintiff challenges the validity of an interjurisdictional income-withholding child support order. In so doing, Plaintiff asserts that a state court decision is erroneous and asks the Court to overturn a final state court decision. The *Rooker-Feldman* doctrine does not permit the Court to grant Plaintiff the relief he seeks. *See Estes v. Gaston*, 2012 WL 5839490, at *4 (D. Nev. Nov. 16, 2012) ("To the extent plaintiff wants this court to overturn a final state court decision then the *Rooker-Feldman* doctrine precludes review by this court").

Further, it appears that the *Younger* abstention doctrine also precludes the Court from interfering in the ongoing state matter. Under the *Younger* abstention doctrine, federal courts may not interfere with a pending state proceeding and issue declaratory or injunctive relief, even if there is an allegation of a constitutional violation, unless "extraordinary circumstances" exist. *Younger v. Harris*, 401 U.S. 37, 53–54 (1971). To determine whether it should refrain from interfering with a state proceeding, a federal court must consider whether the state proceeding is ongoing; whether the state proceeding implicates an important state interest; and whether an adequate opportunity exists in the state proceeding to raise constitutional challenges. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). If the federal court affirmatively answers these three questions, then it must refrain from interfering with the state proceeding. *Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004).

Here, Plaintiff fails to establish whether the family court proceeding underlying the interjurisdictional income-withholding child support order he seeks to overturn has concluded. *See*

*Stringer v. Woolsey*, 2010 WL 419429, at *1 (D. Nev. Jan. 29, 2010) (citing *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 609 (1975)) ("State proceedings are ongoing if appellate remedies have not been exhausted"). In addition, family court proceedings involve important state interests. *See H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) (finding *Younger* abstention "particularly appropriate admonition in the field of domestic relations, over which federal courts have no general jurisdiction . . . and in which the state courts have special expertise and experience"). Further, the Court finds that Plaintiff has adequate opportunity in his state proceeding to raise constitutional challenges; specifically, Plaintiff may seek relief from the state appellate courts. *See Stringer*, 2010 WL 419429, at *2 (citing *Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 629 (1986)) ("To satisfy this requirement, it is sufficient that constitutional claims may be raised in state court judicial review of the proceeding").

In addition, the Court finds that Plaintiff's complaint is deficient because it fails to state a claim upon which relief may be granted. Plaintiff alleges that Defendants are liable under 42 U.S.C. § 1983. *See* Docket No. 1-1 at 3. "To adequately plead the section 1983 elements, a complaint must identify what constitutional rights each defendant violated, and provide sufficient facts to plausibly support each violation." *Thomas v. Row Casinos*, 2019 WL 7340505, at *2 (D. Nev. Dec. 13, 2019) (citing *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002)). While Plaintiff broadly alleges that Defendants violated his constitutional right to due process, he fails to explain the involvement of each defendant with respect to the alleged constitutional violation. *See Clark v. Dzurenda*, 2020 WL 2926454, at *5 (D. Nev. June 3, 2020) ("For each defendant, [plaintiff] must allege facts sufficient to show that the particular defendant violated his civil rights"). Specific factual allegations are even more critical considering Plaintiff alleges that Defendants engaged in fraudulent conduct. *See Neubronner v. Milken*, 6 F.3d 666, 669 n.4 (9th Cir. 1993) (quoting Fed. R. Civ. P. 9(b)) (emphasis in original) ("In all averments of fraud or mistake, the *circumstances constituting fraud or mistake shall be stated with particularity*").[1]

---

[1] In light of the Court's dismissal on the above-mentioned grounds, the Court does not address additional deficiencies in Plaintiff's complaint, including whether Defendant Steven B. Wolfson, Clark County's District Attorney, is immune from liability. *See Botello v. Gammick*, 413 F.3d 971 (9th Cir. 2005).

III. **Conclusion**

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is hereby **GRANTED**. Docket No. 7. Plaintiff shall not be required to pay the filing fee.

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

3. The Complaint is **DISMISSED** with leave to amend. Plaintiff will have until **June 7, 2021**, to file an Amended Complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. Local Rule 15-1(a) requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

4. **Failure to comply with this order will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: May 7, 2021

_____
Nancy J. Koppe
United States Magistrate Judge