**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Brandon G. Adams, | Case No.: 2:21-cv-00503-JAD-NJK |
| Plaintiff | |
| v. | **Order Affirming Magistrate Judge's Order Dismissing Complaint with Leave to Amend** |
| Yvette K. Adams, et al., | [ECF Nos. 8, 16] |
| Defendants | |

In March 2021, pro se plaintiff Brandon Adams filed an *in forma pauperis* application and complaint challenging his state-court-ordered obligation to pay child support.[1]  The magistrate judge screened the complaint under 28 U.S.C. § 1915(e) and dismissed it with leave to amend, finding that Adams's claims are barred by the *Rooker-Feldman* and *Younger* doctrines and that he failed to state a federal claim for relief under 42 U.S.C. § 1983.[2]  The magistrate judge gave Adams until June 7, 2021, to file an amended complaint correcting those deficiencies if he was able to do so.[3]  She also advised Adams that "[f]ailure to comply with [her] order will result in the recommended dismissal of this case."[4]

Adams did not file an amended complaint.  Instead, he filed an objection to the magistrate judge's order, as well as a deluge of "notices" containing judicial opinions, statutory text, delinquency notices reflecting his failure to pay child support, and affidavits alleging new facts and requesting miscellaneous relief.[5]  Because the magistrate judge's decision dismissing

---

[1] ECF No. 1-1 (complaint); ECF No. 7 (complete *in forma pauperis* application).

[2] ECF No. 8.

[3] *Id*. at 5.

[4] *Id*.

[5] *See generally* ECF Nos. 9–15; 17–74.

Adams's complaint was not clearly erroneous or contrary to law, I overrule Adams's objections and affirm her order.  I also give Adams one last opportunity to file an amended complaint consistent with the magistrate judge's screening order.  If he does not comply, this case will be dismissed for failure to comply with court orders.

## Discussion

### I.     Standard for appeals of magistrate-judge orders

Under this district's local rules, "[a] district judge may reconsider any pretrial matter referred to a magistrate judge . . . when it has been shown [that] the magistrate judge's order is clearly erroneous or contrary to law."[6]  This standard of review "is significantly deferential" to a magistrate judge's determination.[7]  A district court may overturn or modify a magistrate judge's determination under this standard only if it has a "definite and firm conviction that a mistake [of fact] has been committed"[8] or a relevant statute, law, or rule has been omitted or misapplied.[9]

### II.    The magistrate judge correctly determined that Adams's complaint fails to state a claim.

The magistrate judge reviewed Adams's complaint and determined that it was deficient for three reasons: (1) the *Rooker-Feldman* doctrine precludes the court from exercising subject-matter jurisdiction because Adams appears to challenge a final state-court judgment, (2) the *Younger* abstention doctrine precludes the court from interfering in Adams's ongoing child-support case in state court, and (3) Adams fails to state a claim upon which relief can be

---

[6] L.R. IB 3-1.

[7] *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993).

[8] *Id.*

[9] *See Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 240–41 (9th Cir. 1991); L.R. IB 3-1(b).

granted.[10]   Adams objects, citing to a Third Circuit case that found the *Rooker-Feldman* and *Younger* doctrines inapplicable to a challenge of child-support obligations.[11]   Based on my review of Adams's complaint, however, I find that he has not provided enough information to permit the court to determine whether *Rooker-Feldman* or *Younger* applies.   It is unclear whether Adams attempts to challenge a *final* state-court judgment, as the *Rooker-Feldman* requires, or whether Adams's state-court proceedings are ongoing and meet the requirements of *Younger* abstention.[12]   So, while it may be entirely true that *Rooker-Feldman* or *Younger* bars Adams's claims, I cannot make that determination yet, and I thus do not rely on the magistrate judge's finding that *Rooker-Feldman* and *Younger* bar this suit.

This determination, however, does not save Adams's complaint because he fails to state a claim upon which relief can be granted.   The magistrate judge found that Adams failed to allege how the defendants he named violated the Constitution, as required to state a claim under 42 U.S.C. § 1983.[13]   That finding is not erroneous or contrary to law.   Adams merely states that his Fifth and Fourteenth Amendment rights to privacy and due process and his "First Amendment rights which include[] all right[s] to decisions inside the home including child

---

[10] ECF No. 8 at 3–4 (citing *Lance v. Dennis*, 546 U.S. 459, 463 (2006) (explaining the *Rooker-Feldman* doctrine), and *Younger v. Harris*, 401 U.S. 36, 53–54 (1971)).

[11] ECF No. 16 at 1 (contending that this court has jurisdiction under "SURENDER MALHAN No. 18-3373," which is reported as *Malhan v. Secretary U.S. Dep't of State*, 938 F.3d 453 (3d Cir. 2019)).

[12] *See Lance*, 546 U.S. at 463 (holding that the *Rooker-Feldman* doctrine precludes lower federal courts "from exercising appellate jurisdiction over *final* state-court judgments") (emphasis added); *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013) (noting that "[c]ircumstances fitting within the *Younger* doctrine . . . are exceptional" and include only "state criminal prosecutions, civil enforcement proceedings, and civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions.") (cleaned up)).

[13] ECF No. 8 at 4.

rearing decisions" have been violated by the state's child-support statutes.[14]  He fails to allege what facts particular to his circumstances equate to a violation of any of those rights, and he does not explain how the named defendants are responsible for those violations.  He also mentions the equal-protection clause of the Fourteenth Amendment and the protections enshrined in the Fourth Amendment, but he does not allege that the defendants did anything in his particular case that violated those rights.[15]  Adams further contends that the defendants violated various sections of the United States Criminal Code, but criminal statutes cannot serve as the bases of claims brought by private parties in this civil context.[16]  I find that the magistrate judge correctly determined that Adams failed to state a claim upon which relief can be granted.  I therefore overrule his objections and affirm the magistrate judge's order dismissing this case with leave to amend.  Adams may file an amended complaint if he can cure the deficiencies identified in this order.

I also take this opportunity to caution Adams against unauthorized filings in this case. Adams is reminded that although he is proceeding pro se, he must comply with the Federal Rules of Civil Procedure and the local rules of this court.[17]  He is not permitted to file supplements or notices to this court without first filing a motion asking for—and receiving an order granting—

---

[14] ECF No. 1-2 at 3.

[15] *Id.* at 4.

[16] *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (finding that federal criminal provisions "provide no basis for civil liability").

[17] *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

leave to file a supplement, as Local Rule 7-2(g) provides.[18]  Any motion requesting leave to file a supplement must attach the proposed supplement as an exhibit.  If Adams continues filing rogue notices and letters with this court, they will continue to be disregarded or stricken as the rule cautions.

IT IS THEREFORE ORDERED that Adams's objection **[ECF No. 16] is OVERRULED** and the magistrate judge's order dismissing his complaint with leave to amend **[ECF No. 8] is AFFIRMED**.

IT IS FURTHER ORDERED that Adams's complaint remains DISMISSED with leave to amend.  If Adams chooses to file an amended complaint, he is cautioned that an amended complaint replaces the original complaint, so the amended complaint must be complete in itself.[19]  Adam's amended complaint must therefore contain all claims, defendants, and factual allegations that he wishes to pursue in this lawsuit.  **In each count, he must allege true facts sufficient to show what each defendant did to violate his rights**.  The amended complaint will be screened in a separate screening order.  If Adams chooses to file an amended complaint, he must do so by **March 28, 2022**.  If Adams does not file an amended complaint by this deadline, this case will be dismissed and closed without further notice.

_____
U.S. District Judge Jennifer A. Dorsey
March 8, 2022

---

[18] L.R. 7-2(g) ("Supplementation prohibited without leave of court.  A party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause.  The judge may strike supplemental filings made without leave of court.").

[19] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original").