UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Brandon G. Adams, | Case No.: 2:21-cv-00503-JAD-NJK |
| Plaintiff | |
| v. | **Order Dismissing Complaint and Closing Case** |
| Yvette K. Adams, et al., | |
| Defendants | |

In March 2021, pro se plaintiff Brandon Adams filed an *in forma pauperis* application and complaint challenging his state-court-ordered obligation to pay child support.[1] The magistrate judge screened the complaint under 28 U.S.C. § 1915(e) and dismissed it with leave to amend, finding that Adams's claims are barred by the *Rooker-Feldman* and *Younger* doctrines and that he failed to state a federal claim for relief under 42 U.S.C. § 1983.[2] The magistrate judge gave Adams until June 7, 2021, to file an amended complaint correcting those deficiencies if he was able to do so.[3] She also advised Adams that "[f]ailure to comply with [her] order will result in the recommended dismissal of this case."[4]

Adams did not file an amended complaint. Instead, he filed an objection to the magistrate judge's order, as well as a deluge of "notices" containing judicial opinions, statutory text, delinquency notices reflecting his failure to pay child support, and affidavits alleging new facts and requesting miscellaneous relief.[5] I overruled Adams's objection to the magistrate

---

[1] ECF No. 1-1 (complaint); ECF No. 7 (complete *in forma pauperis* application).
[2] ECF No. 8.
[3] *Id*. at 5.
[4] *Id*.
[5] *See generally* ECF Nos. 9–15; ECF Nos. 17–74.

judge's order and ordered him to file an amended complaint by March 28, 2022.[6]  I also warned Adams that if he failed to file an amended complaint, his case would be dismissed for failure to comply with court orders.[7]

       Adams again failed to file an amended complaint consistent with the magistrate judge's screening order.  Instead, he filed multiple "affidavits" demanding that both judges in this case recuse themselves, that all orders in this case and those in his state-court child-support proceedings be vacated, and that he be sent "filed copies of every document sent in this case."[8]  After careful review, none of these rogue documents can be construed as an amended complaint that complies with the court's previous orders.

       District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[9]  A court may dismiss an action based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules.[10]  In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants;

---

[6] ECF No. 79.

[7] *Id.* at 2, 5.

[8] *See* ECF Nos. 80–88.

[9] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[10] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules); *see also* Local Rule 41-1 (authorizing dismissal of civil actions pending for "more than 270 days without any proceeding of record having been taken").

2

(4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[11]

The public's interest in expeditiously resolving this litigation weighs in favor of dismissal, as does the court's interest in managing its docket—particularly in this case, which Adams has cluttered with dozens of impermissible pleadings and continues to do so. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court.[12] The court has considered alternatives to dismissal but finds them futile and inadequate here. Adams has been repeatedly instructed on his need for an amended complaint, and his continued failure to comply with this court's instructions strongly suggests that he can't or won't; further orders won't change that.[13] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

Accordingly, IT IS HEREBY ORDERED that **this action is DISMISSED** without prejudice for failure to comply with court orders. The Clerk of Court is directed to enter judgment accordingly and CLOSE THIS CASE. Adams's IFP status should not continue on appeal.

_____
U.S. District Judge Jennifer A. Dorsey
May 2, 2022

---

[11] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[12] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[13] ECF No. 16; ECF No. 79.